# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 29, 2011

143779

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

ROBERT L. McMURTRIE,
            Plaintiff-Appellee,

v                                                                SC: 143779
                                                                 COA: 301005
                                                                 WCAC: 09-000210

EATON CORPORATION and OLD
REPUBLIC INSURANCE COMPANY,
            Defendants-Appellants.

_____/

        On order of the Court, the application for leave to appeal the August 15, 2011 order of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE in part the September 30, 2010 decision of the Workers' Compensation Appellate Commission (WCAC) and we REMAND this case to the Michigan Compensation Appellate Commission (MCAC), as successor to the WCAC, for the MCAC to determine whether the plaintiff's wage loss is due to his injury. The WCAC erred in holding that the worker's disability compensation act does not require a determination that the plaintiff's wage loss is due to his work-related disability. MCL 418.301(4); *Sington v Chrysler Corp,* 467 Mich 144 (2002); *Kirby v General Motors Corp,* ___ Mich ___ (Docket No. 143455, order entered November 23, 2011). If the MCAC determines that there is a causal connection between the plaintiff's disability and his wage loss, then the MCAC shall determine the extent of the plaintiff's partial disability and make the commensurate award of wage loss benefits. MCL 418.361(1); *Lofton v Autozone, Inc,* 482 Mich 1005 (2008); *Umphrey v General Motors Corp,* 489 Mich 978 (2011).

        We do not retain jurisdiction.

        CAVANAGH, J., concurs in the result.

        MARILYN KELLY and HATHAWAY, JJ., would deny leave to appeal.



        I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 29, 2011

t1220

_____
Clerk